UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EDWARD THOMAS,

                Plaintiff,

       -v-

THE CITY OF NEW YORK,
NYC POLICE DEPARTMENT,
ALEJANDRA RIVAS, LAURENCE THOMAS,
PETER MCCARTHY, and TODD HABERSHAM,
JOHN DOE 1-3,

                Defendants.
                                        X

**COMPLAINT**

**Jury Trial**

The Plaintiff EDWARD THOMAS by Robert Blossner, Esq., and Vik Pawar, Esq., of Vik Pawar Law, PLLC, his attorneys complaining of the defendants respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff EDWARD THOMAS (hereinafter "plaintiff") is a resident of the County of the Bronx, City and State of New York. At the time of the incident which forms the basis of this complaint, Plaintiff was a 30 year old African-American.

2. Defendant City of New York ("CITY") is a Municipal Corporation that oversees the New York Police Department (NYPD).

3. Defendants ALEJANDRA RIVAS, TODD HABERSHAM, LAURENCE THOMAS and PETER MCCARTHY are/were officers of the NYPD assigned to the 33rd precinct at the time of incident complained of. They are also referred to as "individual defendants."

4. That at all times hereinafter mentioned, the Defendant NEW YORK CITY POLICE

DEPARTMENT operates the NYPD is a "non-suable" entity and is named as a nominal defendant.

5. That at all times herein mentioned, Defendants, JOHN DOE # 1-3 whose names are currently unknown to the Plaintiff were/are employees of the Defendant City. They are also referred to as "individual defendants."

## CONDITIONS PRECEDENT

6. That prior to the commencement of this action the Plaintiff duly filed with defendant CITY verified Notices of Claim setting forth the time, when and place where the incident which is the subject of the instant lawsuit occurred, the nature and extent of the injuries and damages sustained and the amount claimed therefore.

7. Such claim was presented within ninety (90) days after the causes of action herein accrued.

## THE FACTS

8. On November 28, 2018, an individual (the victim) was stabbed outside a bodega in the City, State, and County of New York.

9. On November 28, 2018, plaintiff was neither the individual who stabbed the victim nor was he in any manner involved in the stabbing.

10. On January 3, 2019, plaintiff was arrested in the presence of his six (6) year old daughter at a shelter in the Bronx.

11. Plaintiff was charged with the following serious crimes:

   a. Attempted assault in the 1st degree punishable by up to 25 years in prison

   b. Assault in the 2nd degree

   c. Criminal possession of a weapon in the 4th degree

12. All of the criminal activity plaintiff was charged with was alleged to have occurred on November 28, 2018.

13. As a result of the above stated arrest, Plaintiff was caused to be incarcerated for over two weeks until such time as he was able to post the bail that had been set due to the seriousness of his arrest charges.

14. The individual defendants (a) arrested plaintiff, (b) drafted criminal paperwork accusing plaintiff of a crime, (c) completed, reviewed, and signed accusatory instruments, (d) drafted documents that aided in causing plaintiff to be indicted, (e) testified in person or in writing as to plaintiff's alleged criminal conduct.

15. That the charges brought by the defendants and their testimony against plaintiff were false, fabricated and intentionally drafted, and as such constitute malice.

16. On September 13, 2022, all charges against plaintiff were dismissed in his favor.

## AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful Seizure/Malicious Prosecution/Denial of Fair Trial under 42 U.S.C. 1983)

17. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

18. The individual Defendants and JOHN DOES 1- 3 made false claims to the prosecuting and detention authorities as to plaintiff which caused Plaintiff to be arrested, detained and prosecuted.

19. The individual Defendants and JOHN DOES 1-3 knew, or had reason to know at the time that they made them that by making those false claims and allegations that they would be utilized and aid in the prosecution of Plaintiff.

20. That the individual Defendants knew that their statements and the documents they

had prepared would be forwarded to the district attorney's office and plaintiff would be prosecuted.

21. The individual Defendants made such false accusations in an effort to cover up their own failures and shortcomings and thus make Plaintiff a scapegoat for their own failures

22. That the individual Defendant's false accusations and efforts as stated in paragraph 21. above illustrates the Defendants' malice in making such false accusations.

23. All of the criminal charges against the plaintiff were dismissed in his favor.

24. As a result of the Individual Defendants' conduct Plaintiff suffered constitutional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(*Monell* Claim)

25. Plaintiff repeats, reiterates, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. The individual Defendants committed acts that caused plaintiff constitutional injuries.

27. Defendant City was aware that the individual defendants would face a tough choice when they encounter a situation where an African-American male suspect is sought for a crime.

28. Defendant City further knew that innocent African American males are arrested solely because they have the same skin color and in the absence of any other probable cause.

29. Defendant City, notwithstanding of this awareness of the threat, was deliberately indifferent to individuals such as plaintiffs when it refused to implement proper training procedures to combat violations of individuals' constitutional rights.

30. As a result, plaintiff suffered constitutional injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

33. The aforementioned conduct was committed by the individual Defendants while acting within the scope of their employment by Defendant City.

34. The aforementioned conduct was committed by individual Defendants while acting in furtherance of their employment by Defendant City.

35. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

36. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with the concomitant anguish, embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

38. Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

39. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

40. As a result, plaintiff suffered injuries as described above.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Defendant City owed a duty to individuals like plaintiff.

43. Defendant City breached its duty when individual Defendants engaged in and participated in the violation of Plaintiff's rights.

44. As a result, plaintiff suffered injuries.

45. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

## AS AND FOR A SIXTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiff's irreparable physical and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       July 5, 2023

Vik Pawar, Esq.
20 Vesey Street, Suite 1410
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
Robert Blossner (RB0526)